UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-21619-Civ-COOKE/TURNOFF

LONGINA BERTI,

    Plaintiff,

vs.

TARGET CORPORATION,

    Defendant.

_____/

**ORDER REMANDING CASE**

THIS CASE is before me on the Parties' Stipulation for Remand. (ECF No. 4). I have reviewed the stipulation, record, and relevant legal authorities. For the reasons provided, the Stipulation is granted.

### I. Background

Plaintiff Longina Berti ("Plaintiff" or "Ms. Berti") filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, against Defendant Target Corporation ("Defendant" or "Target"). On April 19, 2012, Defendant answered Plaintiff's Complaint in the Circuit Court action.

Plaintiff's Complaint alleges on or about January 23, 2010, Ms. Berti entered the Defendant's premises at 12801 West Sunrise Blvd., Sunrise, Florida 33323 to purchase some items. The floors adjacent to the check out counters in Defendant's store were slippery and wet. Plaintiff slipped and sustained injuries. Plaintiff seeks compensation for her medical and hospital expenses, loss wages and diminished earning capacity, and loss of the ability to enjoy and pursue happiness.

On April 27, 2012, Target filed a Notice of Removal based on diversity jurisdiction. (ECF No. 1). Target asserted that Plaintiff is a Florida citizen, and because Target was organized under

the laws of Minnesota and its principal place of business is in Minneapolis, Minnesota, it is a citizen of Minnesota. Further, Target contended that this matter exceeds the sum or value of $75,000, exclusive of interest, costs and attorney's fees based upon Plaintiff's counsel's April 12, 2011 settlement demand letter.

Now, however, Plaintiff has admitted that the value of her damages and injuries are less than $75,000, exclusive of interest, costs and attorney's fees, and that she will never seek damages against Target for her injuries in a principal amount exceeding $75,000. Consistent with Plaintiff's representation, counsel for the Parties stipulate that this Court does not have proper subject matter jurisdiction, and ask that I enter an order remanding this case back to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## II. LEGAL STANDARD

A defendant may remove an action to a U.S. district court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts also have original jurisdiction over civil actions where the matter in controversy exceeds $75,000, and is between citizens of different states or foreign countries. 28 U.S.C. § 1332.

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Courts should strictly construe the requirements of 28 U.S.C. § 1441 (removal jurisdiction) and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).

## III. ANALYSIS

Plaintiff has stipulated that the value of her claims fails to meet the statutory threshold to

establish diversity jurisdiction required for this matter to be adjudicated in this Court. Further, Defendant, relying upon this stipulation, has abandoned its pursuit of invoking the jurisdiction of this Court. As it is Defendant's burden to carry as the party seeking to remove, this Court will not disturb its decision.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Parties' Stipulation for Remand (ECF No. 4) is **GRANTED**.

2. This matter is therefore remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. The Clerk of Court is directed to **CLOSE** this case.

4. All pending motions not otherwise ruled upon are **DENIED AS MOOT**.

**DONE and ORDERED** in chambers at Miami, Florida this 10th day of May 2012.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*