# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Angela E. Noble**  
Court Administrator · Clerk of Court

400 North Miami Avenue, Room 8N09  
Miami, Florida 33128-7716  
(305) 523-5100

August 26, 2021

Michael Peter Weisberg, Esq.  
1300 Coral Way, Suite 300  
Miami, FL  33145

Charles Philip Flick, Esq.  
Shawn Y. Libman, Esq.  
Bowman and Brooke LLP  
Two Alhambra Plaza, Suite 800  
Miami, FL  33134

      Re:  <u>Berti v. Target Corporation, Case No. 12-cv-21619-MGC</u>

Dear Messrs. Weisberg, Flick and Libman:

      I have been contacted by United States District Judge Marcia G. Cooke who presided over the above-referenced case.

      Judge Cooke advised me that it has been brought to her attention that while she presided over the case, from April 27, 2012, through May 10, 2012, she owned stock in Target Corporation.  Her ownership of stock neither affected nor impacted her decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Cooke directed that I notify the parties of the conflict.

      Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a Judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision.  The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

---

*"It is our honor and duty to provide the support necessary to enable the Court as an institution to fulfill its constitutional, statutory, and societal responsibilities for all who seek Justice."*

      Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

      With Advisory Opinion 71 in mind, you are invited to respond to Judge Cooke's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before **September 26, 2021**. Any response will be considered by another Judge of this Court without the participation of Judge Cooke.

                                                   Sincerely,

                                                   Angela E. Noble
                                                 Court Administrator · Clerk of Court